UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWNDRIKA LAWRENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-0759** |
| **STATE OF LOUISIANA** | **SECTION: "E"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

### State Trial-Court Proceedings

On May 31, 2017, Shawndrika Lawrence entered guilty pleas to possession of alprazolam (Case No. 16-3434) and misdemeanor possession of marijuana second offense (Case No. 16-3435).[1] She executed an Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Felony Plea of Guilty and a Waiver of Constitutional Rights Plea of Guilty to Misdemeanor Offense.[2] The record does not include a copy of the

---

[1] State Rec., Vol. 1 of 4, Bill of Information (La. R.S. 40:969(C)) and 40:967(C)), 24th JDC, Parish of Jefferson; State Rec., Vol. 3 of 4, Bill of Information (La. R.S. 40:966(C)(2nd)), 24th JDC, Parish of Jefferson. In Case No. 16-3434, the State entered a *nolle prosequi* for count two, possession of oxycodone.

[2] State Rec., Vol. 1 of 4, R.p. 74; State Rec., Vol. 3 of 4, R.p. 579.

transcript of the guilty-plea proceedings. That same date, the trial court sentenced Lawrence for possession of alprazolam to two years imprisonment at hard labor, suspended, and active probation for five years, to run concurrently with the sentence in Case No. 16-3435. In addition to the general conditions of probation, special conditions included the payment of court costs, fines and fees, with waiver of the first two years of probation supervision fees, and submission to JPHSA for evaluation and completion of any treatment recommended.

Pursuant to her guilty plea under Louisiana Code of Criminal Procedure article 894, in Case No. 16-3435, the trial court imposed a deferred six-month sentence for possession of marijuana with active in-house probation for two years, to run concurrent with the sentence in Case No. 16-3434. In addition to the general terms of probation, special conditions included the payment of costs, fines and fees, and that Lawrence report to Intensive Probation Services (IPS) for evaluation and completion of any programs recommended and submit to JPHSA for evaluation and completion of any treatment recommended.[3] Lawrence did not appeal or seek supervisory review of the guilty plea convictions or sentences.[4]

---

[3] State Rec., Vol. 1 of 4, Minute Entry, 5/31/2017 (Case No. 16-3434); State Rec., Vol. 3 of 4, Minute Entry, 5/31/2017 (Case No. 16-3435).

[4] Louisiana courts appear to treat a deferred sentence as an appealable judgment, although no definitive ruling has issued from the Louisiana Supreme Court regarding suspended versus deferred sentences. *See State v. Stiller*, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1158, *writ denied*, 2019-1809 (La. 2020), 297 So.3d 761 (finding that a defendant has been "sentenced" pursuant to a deferred sentence under Louisiana Code of Criminal Procedure article 893(E), for purposes of a motion to withdraw a guilty plea under La. C.Cr.P. art. 559(A) and for purposes of appealing a final judgment of conviction) (Windhorst, J., dissenting); *United States v. Peters*, Civ. Action No. 15-154, 2017 WL 1177723, at *3 (E.D. La. Mar. 30, 2017) (distinguishing deferral of imposition of sentence from deferring execution of an imposed "deferred sentence" for purposes of standing to appeal

The record shows that Lawrence complied with all requirements for the felony probation case. On February 21, 2020, the Department of Public Safety and Corrections, Division of Probation and Parole, issued a Compliance Report recommending that the trial court close the case based upon Lawrence's satisfaction of the probation term (full term expiration date May 31, 2022), as of the compliance date, February 15, 2020, pursuant to Louisiana Code of Criminal Procedure Article 895.6 (Compliance Credits; probation).[5] The trial court approved the recommendation allowing Lawrence's felony probation to terminate on the compliance date, February 15, 2020. The Director of Probation and Parole sent Lawrence a First Offender Certification Letter dated March 16, 2020, certifying that she was eligible for a first-offender pardon based on the completion of her sentence.[6]

As for her misdemeanor probation case, the State filed a motion to revoke probation on May 30, 2019, for failure to comply with all provisions and conditions imposed by the court.[7] She was ordered to appear in court on July 19, 2019. When she failed to appear, an attachment was issued for her arrest.[8] On May 11, 2021, she self-reported and the

---

guilty plea conviction and sentence imposed under Louisiana Code of Criminal Procedure article 893, and determining the triggering date for calculating finality, in applying sentencing enhancement provisions of 21 U.S.C. § 841 and limitations provision under Section 851).

[5] *See* State Rec., Vol. 1 of 4, R.p. 103, Compliance Report. Louisiana Code of Criminal Procedure Article 895.6 provides that "[w]hen a defendant's total probation term is satisfied through a combination of time served on felony probation and earned compliance credits, the Department of Public Safety and Corrections shall order the termination of the probation of the defendant." La. C.Cr.P. art. 895.6 (D).

[6] State Rec., Vol. 2 of 4, R.p. 312, First Offender Certification Letter.

[7] State Rec., Vol. 3 of 4, R.p. 602, Motion to Revoke Probation.

[8] State Rec., Vol. 3 of 4, R.p. 608, Minute Entry, 7/19/2019 and R.p. 609, Attachment.

3

attachment for failing to appear for the motion to revoke was recalled.[9]   She was issued a subpoena to appear for the revocation hearing set for June 17, 2021.   On June 16, 2021, a rule for contempt was filed against her for failure to pay fines fees and court costs in the amount of $1,068.00.[10]   An attachment was issued to answer for contempt when she failed to appear for the rule to revoke hearing on June 17, 2021.[11]   Lawrence was arrested on the attachment.

A minute entry for August 5, 2021 reflects that Lawrence appeared via Zoom for a Contempt of Court hearing.[12]   An IPS representative was present via Zoom.   The attachment for failing to appear for a Rule to Revoke, on June 17, 2021, was noted satisfied by Lawrence's arrest.   She was sentenced to time served in parish prison for contempt of court and ordered released to Gretna HIP (Home Incarceration Program).   The rule to revoke was set for September 2, 2021.   Upon release, she was ordered to report to IPS for a drug screen.   A minute entry for September 2, 2021, reflects that she did not appear for a rule to revoke hearing, and it was ordered continued and reset to November 4, 2021, due to Hurricane Ida.[13]

On October 1, 2021, the State filed a motion to revoke probation claiming that

---

[9] State Rec., Vol. 4 of 4, R.pp. 789-91, Recall of Attachment (5/11/2021) and Minute Entry, 5/11/2021.

[10] State Rec., Vol. 4 of 4, R.p. 868, Rule for Contempt.

[11] State Rec., Vol. 4 of 4, R.p. 869, Minute Entry, 6/17/2021 and R.p. 870, Attachment (June 17, 2021).

[12] State Rec., Vol. 4 of 4, R.p. 875, Minute Entry, 8/5/2021.

[13] State Rec., Vol. 4 of 4, R.p. 876, Minute Entry, 9/2/2021.

4

Lawrence violated numerous provisions and conditions of probation. She was picked up that day for multiple HIP violations.[14] She was ordered to appear for a hearing on the motion to revoke on November 4, 2021. A minute entry for October 4, 2021 reflects that Lawrence was incarcerated on a HIP violation and did not appear.[15] A minute entry for October 7, 2021 reflects that she appeared from prison via Zoom for contempt with counsel, and that Officer Verdi of Gretna HIP appeared via phone. Lawrence was ordered to be held at Jefferson Parish Correctional Center until the hearing set for November 4, 2021.[16]

On November 4, 2021, Lawrence appeared via Zoom from Jefferson Parish Correctional Center for the hearing on the motion to revoke probation in case number 16-3435. She was sentenced to time served in parish prison for contempt of court for an HIP violation and ordered released on the contempt matter. She was ordered as a condition of probation to report to Metropolitan for a mental health evaluation and treatment, to complete relapse prevention through IPS, and upon release to report to IPS to begin drug screens and to register for Relapse Prevention. The rule to revoke was held open.

The matter was transferred to Track 4, Division Z of the 24th Judicial District Court for Jefferson Parish.[17] Lawrence was ordered to complete the Specialty Drug Court program pursuant to Louisiana Revised Statute 13:5304. Over the next few months, drug court status hearings were set. She appeared for the status hearing on November 19, 2021,

---

[14] State Rec., Vol. 4 of 4, R.p. 877, Motion to Revoke Probation (10/1/2021).
[15] State Rec., Vol. 4 of 4, R.p. 879, Minute Entry, 10/4/2021.

[16] State Rec., Vol. 4 of 4, R.p. 880, Minute Entry, 10/7/2021.

[17] State Rec., Vol. 4 of 4, R.p. 884, Minute Entry, 11/4/2021; R.p. 885, Order of Transfer.

but she missed the next few monthly status hearings. On February 18, 2022, the court ordered Lawrence's probation terminated unsatisfactorily.[18]

## State-Court Post-Conviction Proceedings

On February 19, 2021, Lawrence filed a motion to correct an illegal sentence, citing both case numbers 16-3434 and 16-3435. As an exhibit to the motion, she attached a pending federal civil complaint, arising out of her arrest and convictions, which she had filed in the United States District Court for the Eastern District of Louisiana.[19] On March 24, 2021, the trial court denied her motion to correct an illegal sentence.[20] Lawrence filed a motion for reconsideration, which was denied on July 13, 2021.[21]

On March 23, 2022, Lawrence filed a uniform application for post-conviction relief with the state district court.[22] She asserted claims of excessive use of force, illegal search and seizure, malicious prosecution, ineffective assistance of counsel, unlawful detention, Section 1983 civil rights violation, negligence, outrageous conduct, prosecutorial misconduct, and violation of 6th and 14th Amendment. On April 13, 2022, the district

---

[18] State Rec., Vol. 4 of 4, Minute Entries, R.p. 887 (11/19/2021); R.p. 889 (12/10/2021); R.p. 891 (1/21/2022) (continuance requested by Lawrence's counsel granted); R.p. 892 (2/18/2022).

[19] See State Rec., Vol. 1 of 4, R.p. 109, Uniform Motion to Correct an Illegal Sentence (with attached exhibit, *Shawndrika Lawrence v. Jefferson Parish Public Defenders*, Civ. Case No. 20-1615 "E"(5)).

[20] State Rec., Vol. 2 of 4, R.p. 283, Order denying Motion to Correct an Illegal Sentence, 3/24/2021.

[21] State Rec., Vol. 2 of 4, R.p. 360, Order denying Motion for Reconsideration, 7/13/2021.

[22] State Rec., Vol. 4 of 4, R.p. 894, Uniform Application for Post-Conviction Relief.

6

court denied relief.[23] The district court declined to consider the merits because the application was untimely under Louisiana Code of Criminal Procedure article 930.8.

### Federal Habeas Corpus Proceeding

On March 24, 2022, while her state post-conviction relief application was pending, she filed her federal application for habeas corpus relief. She was not incarcerated at the time she filed the federal application.[24] A review of her federal application shows that she asserts the same claims raised in her state district court application for post-conviction relief, even though she labels her only stated ground as "excessive use of force."[25] She concedes that the claims were not exhausted in the state courts.[26]

The State filed a response arguing that Lawrence is not entitled to relief because she is no longer in custody, the petition is time-barred, the claims are unexhausted and procedurally barred, and she has not raised cognizable claims for relief on federal habeas corpus review.[27] At Lawrence's request, she was given an extension of time to file a reply in opposition to the State's response.[28] To date, she has not filed a reply.

---

[23] State Rec., Vol. 4 of 4, R.p. 930, Order denying PCR, 4/13/2022.

[24] Rec. Doc. 3 (Petition); Rec. Doc. 3-2 (Civil Cover Sheet); Rec. Doc. 4 (Application to Proceed in Forma Pauperis).

[25] Rec. Doc. 3, pp. 5-8.

[26] Rec. Doc. 3, p. 5, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Upon filing, the matter was subsequently transferred by District Court Order to Section E, due to her pending civil action, *Shawndrika Lawrence v. Jefferson Parish Public Defenders, et al.*, Civ. Action No. 20-1615 "E"(5), which stems from the arrest and guilty plea conviction, Rec. Doc. 15.

[27] Rec. Doc. 9.

[28] Rec. Doc. 14.

**Analysis**

The Court cannot consider the merits of Lawrence's claims for relief for two reasons advanced by the State. First, to be entitled to federal habeas corpus relief, a petitioner must be "in custody." Second, even if Lawrence could satisfy the "in custody" requirement, the claims must be exhausted to be entertained by this Court.

Title 28 U.S.C. § 2254 provides, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254 (a), (b). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.' " *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As further construed by the Supreme Court, a petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Id*. at 490-91 (quoting *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)). Prisoners who are released from physical confinement under a sentence but remain on parole or probation with explicit conditions and restrictions, satisfy the "in custody" requirement. *Id*. at 491. If a sentence has fully expired at the time a petition is

filed, then a habeas prisoner is not "in custody" for purposes of challenging that conviction in a federal habeas corpus petition.   *Id*. at 491-92.

Lawrence was not incarcerated at the time she filed her federal habeas petition. She was no longer serving the sentences of probation for either challenged conviction at the time she filed her federal application. In May 2017, she pleaded guilty to a felony offense, possession of alprazolam, and received a suspended sentence. She successfully completed the five-year term of probation early, and the felony case was terminated by court order in 2020. She also pleaded guilty to a misdemeanor offense, possession of marijuana. The trial court imposed a sentence of six months in parish prison, but noted that the sentence was deferred, and she was placed on active in-house probation for two years. In 2021, she was transferred to the drug specialty program.[29] Her misdemeanor probation was terminated unsatisfactorily in February 2022. At no point was her probation ordered revoked. The six-month deferred misdemeanor sentence imposed in May 2017 was not ordered executed by subsequent judgment and her term of probation was terminated.[30]

---

[29] Lawrence alleges that her probation was extended for one year as a result.  Rec. Doc. 3-1, p. 34.   However, there is no documentation to this effect in the state-court record.

[30] Louisiana law provides that "[u]pon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897, the defendant shall have satisfied the sentence imposed."  La. C.Cr.P. art. 898.  Article 897 provides, in relevant part, that "[i]n a misdemeanor case, the court may terminate the defendant's suspended sentence or probation and discharge him at any time when all of the following conditions are met:

> (1) The termination or discharge is ordered in open court.
> (2) The state is present at the time the termination or discharge is ordered and has been afforded an opportunity to participate in a contradictory hearing on the matter.

La. C.Cr.P. art. 897. A minute entry in this case reflects that the trial court ordered Lawrence's probation in Case Number 16-3435 Div. Z terminated on February 18, 2022. State Rec., Vol. 4 of 4, R.p. 892.

The state-court record definitively shows that she was no longer bound by the sentencing terms of probation imposed with the guilty plea convictions when she filed her federal petition in March 2022. The State therefore alleges that Lawrence was not in custody for either challenged conviction at the time she filed her federal application.[31] The State's argument is persuasive.

Under the circumstances, at a minimum, Lawrence must show that she satisfies the "in custody" requirement. 28 U.S.C. § 2254(a); *Maleng*, 490 U.S. at 490-91; *see United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction."); *Wade v. Carsley*, 433 F.2d 68 (5th Cir. 1970) (no collateral consequences arise from a fully-served sentence for inability to pay a fine—a misdemeanor conviction—which did not cause petitioner to lose the right to vote, to hold public office to join a union, or to engage in a particular business).

Neither respondent nor petitioner addresses the effect of a deferred six-month sentence on custody. The Court rejects any suggestion that the deferral generates subject matter jurisdiction in this case. "[A] deferred sentence is one that has never been imposed." *State v. Merrill*, 2014-530 (La. App. 3 Cir. 6/11/14), 140 So.3d 1237, 1242. Here, the state court did not revoke her probation, but instead terminated her probation. The state court did not order Lawrence to serve the six-month sentence at that time. In effect, the state court discharged Lawrence from the sentence imposed. The Court finds no

---

[31] Rec. Doc. 9, pp. 2-3, State's Response.

10

basis in the record or law that would establish federal habeas jurisdiction at the time of filing. The record before the Court suggests that Lawrence has fully discharged her sentences for the 2017 misdemeanor and felony guilty plea convictions. Lawrence has not demonstrated that she is still in custody for either of the challenged convictions, as required by 28 U.S.C. § 2254(a). For this reason, it appears that the Court lacks jurisdiction over Lawrence's habeas petition.

Regardless, even if Lawrence could show that she was in custody at the time of filing, her federal habeas petition was filed prematurely before she had fully exhausted her remedies in the state courts. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. §2254(b)(1)(A); *Rose*, 455 U.S. at 519-20, 102 S.Ct. 1198).

The exhaustion requirement is only satisfied if the substance of the federal habeas claims have been "fairly presented" to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1

(1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78, 92 S.Ct. 509). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). Furthermore, it is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically and properly presented to the Louisiana Supreme Court, and vice versa. *See Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Although Lawrence filed a post-conviction relief application with the state district court raising the same grounds for relief presented in her federal application, she admittedly did not present her claims for relief to the intermediate state appellate court or the Louisiana Supreme Court. She clearly has not exhausted her state-court remedies as required by law. Accordingly, the instant petition is subject to dismissal without prejudice for this reason.[32]

## RECOMMENDATION

**IT IS RECOMMENDED** that Lawrence's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after

---

[32] The State submits that her pursuit of the claims with the court of appeal and state supreme court would be futile because those courts would find Lawrence's claims procedurally barred, as did the state district court. However, the Court declines to speculate as to what the state courts of appeal might or might not find if faced with such an application for review. Additionally, the Court finds it unnecessary to address the State's time-bar defense given that the Court lacks jurisdiction over the habeas petition.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[33]

New Orleans, Louisiana, this   31st   day of   October  , 2022.

                                            **MICHAEL B. NORTH**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[33] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.